IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICHOLAS C. KRIKORIAN,

    Plaintiff,

vs.

BROKEN SOUND CLUB, INC.,
a Florida Corporation,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, NICHOLAS C. KRIKORIAN, sues Defendant, BROKEN SOUND CLUB, INC., and shows:

### **Introduction**

1. This is an action by NICHOLAS C. KRIKORIAN against his former employer for unpaid overtime and retaliation pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### **Jurisdiction**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### **Parties and General Allegations**

4. Plaintiff, NICHOLAS C. KRIKORIAN, (hereinafter "KRIKORIAN") a resident of Palm Beach County, was at all times material employed by BROKEN SOUND CLUB, INC., as line cook, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with

BROKEN SOUND CLUB, INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, BROKEN SOUND CLUB, INC., (hereinafter, "BROKEN SOUND"), is a Florida Corporation doing business in Palm Beach County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which operates a restaurant and provides catering services for it country club, which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where KRIKORIAN was employed.

**Count I – Violation of FLSA by Defendant BROKEN SOUND – Unpaid Overtime**

6. Plaintiff, NICHOLAS C. KRIKORIAN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. From on or about May 16, 2015 through May 19, 2017, Plaintiff worked at Defendant's restaurant located at the Broken Sound Country Club as a line cook. During this time, Plaintiff was required to work several hours without any compensation. Because Plaintiff was full time employee, many of these uncompensated hours were overtime hours.

8. Defendant was aware that Plaintiff, as well as many other hourly employees, were required to work off the clock. The off the clock work took the form of an automatic meal break deduction, which Plaintiff was not able to take, and additional time that Plaintiff would work past his scheduled shift without compensation.

9. As a result of the foregoing, Defendant BROKEN SOUND has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

10. The failure to pay overtime compensation to KRIKORIAN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a).

11. KRIKORIAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from BROKEN SOUND:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, NICHOLAS C. KRIKORIAN, prays that this court will grant judgment against Defendant BROKEN SOUND:

    a. awarding KRIKORIAN payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. awarding KRIKORIAN an additional equal amount as liquidated damages;

    c. awarding KRIKORIAN his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

**Count II – Violation of FLSA by BROKEN SOUND – Retaliatory Discharge**

12. Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 5 above.

13. At a recent employee meeting, Plaintiff's supervisors advised all employees that no breaks were allowed. The supervisor advised employees that, if they wanted to eat, they must do so on the line while working.

14. Plaintiff verbally complained about the "no break" policy because the Defendant automatically deducts 30 minutes from each employee for each shift worked, even though the

employees are not afforded an actual uninterrupted break. Specifically, Plaintiff voiced his objection and advised his supervisor, the Sous Chef, that Defendant's policy amounted to wage theft because he is working through his entire shift, even if he did eat on the line as he was mandated to do.

15. The following day, the Sous Chef terminated the Plaintiff.

16. As a result of Plaintiff's complaint about not receiving pay for time he worked, Defendant discharged him from his employment.

17. Defendant's actions as more particularly described above were directly related to and in response to Plaintiff's complaint about having to work additional hours without compensation.

18. Plaintiff's complaint about his hours and pay constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

19. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

20. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from BROKEN SOUND:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against BROKEN SOUND:

    a. awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

c. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

d. awarding Plaintiff his costs, including a reasonable attorney's fee; and

e. granting such other and further relief as is just.

## **Jury Demand**

Plaintiff demands trial by jury.

Dated: June 17, 2017
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for NICHOLAS C. KRIKORIAN