UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-80744 Civ-DMM/DLB

NICHOLAS C. KRIKORIAN,

    Plaintiffs,

vs.

BROKEN SOUND CLUB, INC.,
a Florida corporation,

    Defendant.

_____

### DEFENDANT BROKEN SOUND CLUB, INC.'S REPLY IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Defendant, Broken Sound Club, Inc. ("BSC" and/or "Defendant") by and through undersigned counsel, hereby files its Reply to Plaintiff's Response to Defendant's Motion for Sanctions, and in support thereof, states:

1. Notwithstanding Plaintiff's contentions, BSC maintains that its Rule 11 Motion was properly filed as Plaintiff still cannot overcome the issue that the claims lack a factual basis in light of Plaintiff's own self-serving "assumptions" and Defendant's payroll records contradicting same. *Crabtree v. Central Florida Investment, Inc.*, 2013 WL 1155796 *4 (M.D. Fla. March 14, 2013)(citing *United Food & Commercial Workers v. Armour and Co*., 106 F.R.D. 345, 347-48 (N.D.Cal 1985) and *Woodford v. Gavin*, 105 F.R.D. 100, 105 (N.D. Miss 1985))(Courts have imposed Rule 11 sanctions in cases where the pleader based its claims on suspicions or assumptions). As will be discussed in further detail below, all Plaintiff comes back with in response to BSC's Rule 11 Motion is more unsupported speculation regarding Plaintiff's

underlying claims.   As such, at a minimum - this case should be dismissed - and sanctions for having to bring this Motion and to defend a frivolous action, should be imposed.

2.      To begin, Plaintiff's initial point that BSC has not "moved to dismiss the complaint," is a red-herring and does not constitute a waiver preventing BSC from filing a Rule 11 Motion.  Being able to meet the pleading requirements to overcome a Motion to Dismiss for failing to state a cause of action is a far different standard upon which any Rule 11 Motion, including this one – is based.

3.      Likewise, Plaintiff's argument that BSC is attempting to short circuit the discovery or summary judgment process for improper purposes is also unconvincing.  To maintain this claim, Plaintiff misrepresents that <u>no</u> discovery has been conducted and that undersigned counsel is, essentially, and without *any* basis, using the Rule 11 Motion to bully the Plaintiff into withdrawing his claim.  [D.E. 25] at P. 3.  To the contrary, written discovery has been propounded (none of which was used or mentioned in the Response to further Plaintiff's factual basis for the claim), and an FLSA statement of claim (and a response thereto) were exchanged - with Plaintiff's statement of claim visibly absent of any supporting documentation, including affidavits, etc. [D.E. 18] and [D.E. 19].[1]  To this end, once it was clear that Plaintiff was unable to provide any substantiated or credible evidence otherwise and was unable to refute the unambiguous information contained in the disclosed payroll/time records (the payroll records also serve as time records as they show the precise times Plaintiff clocked in and out for each day in the relevant pay period), this Rule 11 Motion was initiated.

4.      Of note, Plaintiff's response introduces new information not previously alleged or

---

[1] Plaintiff's deposition is currently scheduled for October 26, 2017 pending the outcome of the subject Rule 11 Motion.

otherwise disclosed[2] through either an initial disclosure (which Plaintiff has yet to provide despite a mutual agreement to exchange by July 31, 2017) or Plaintiff's interrogatory responses - which nevertheless does not alter BSC's position. Plaintiff – for the very first time – challenges the accuracy of the time records and goes so far as to suggest that BSC altered them. [D.E. 25] at P. 8. Again this allegation is based solely on Plaintiff's "word" notwithstanding Plaintiff counsel's interview of a new, previously undisclosed fact witness, Ray Gonzalez. [D.E. 25] at P. 6.

5. When scrutinizing Plaintiff counsel's affidavit further, it is clear that Mr. Gonzalez only has personal information regarding his own work schedule and time worked – not Plaintiff's. The interview of Mr. Gonzalez does nothing to add to Plaintiff's allegations that he (Nicholas Krikorian) actually had time automatically deducted (notwithstanding his statements regarding an overall BSC alleged policy of automatic deductions), that he worked off the clock, or was fired in retaliation. Rather, Mr. Gonzalez can only purportedly provide information about himself, Ray Gonzalez. The affidavit reveals nothing about Mr. Gonzalez's personal knowledge or observations about Plaintiff's own work schedule, witnessing Plaintiff working off the clock, or anything having to do with Plaintiff's retaliation claim. [D.E. 25-1]. In other words, Plaintiff's own self-serving "assumptions" and "suspicions" remain the sole basis for his claims,[3] including his claims that he was not paid for either automatic deductions, time worked off the clock, and for retaliation.

6. As to Plaintiff's contention that BSC filed this Rule 11 Motion for improper purposes, this argument – again - fails. The fact remains BSC did its due diligence through discovery and provided Plaintiff with official payroll and time records none of which Plaintiff can

---

[2] Despite the safe harbor period leading up to the filing of the subject Rule 11 Motion, Plaintiff's counsel did not disclose any of this information within that time.
[3] Although Plaintiff's discovery responses identify other individuals with "knowledge" about Plaintiff's claims, they

specifically challenge - and even after Plaintiff's response, there still lacks a factual basis to his claims.  And since plaintiff provides no evidence to the contrary other than self-serving statements nor is there any other evidence - BSC served and, 21 days later, filed its Rule 11 motion.

    7.    As an additional point, there are various troubling sections in Plaintiff's response which discuss the need to conduct additional discovery to uncover or verify certain allegations – again all based on Plaintiff's assumptions or suspicions.  For example, Plaintiff's response states that "full development of the facts will depend upon discovery that has yet to occur." [D.E. 25] at P. 11.  Plaintiff further indicates: "[p]erhaps the entire claim will be pursued or perhaps only the claim for hours worked "off the clock" at the end of the shift will be pursued.  Until counsel has an opportunity to conduct discovery, however, Broken Sound's rule 11 motion is woefully premature…" [D.E.25] at p. 8.  Plaintiff's "wait and see" approach strikes at the heart of the type of behavior a Rule 11 Motion strives to avoid. "Sanctions have also been imposed when the pleader filed a lawsuit and then sought to develop a cause of action." *Crabtree*, 2013 WL 1155796 at *4 (citing *Weil v. Markowitz*, 108 F.R.D. 113, 116 (D.D.C. 1985); *Foster v. Michelin Tire Corp.,* 108 F.R.D. 412, 414-15 (C.D.Ill.1985); and *City of Yonkers v.  Otis Elevator*, 106 F.R.D. 524, 525 (S.D.N.Y. 1985)).  With severe allegations already put forth in the initial Complaint, now coupled with an allegation that BSC doctored time records, it's troublesome that Plaintiff is admitting that more time is needed to conduct additional discovery in order to verify these serious accusations.

    8.    Finally, Plaintiff's reverse request that Rule 11 sanctions be likewise imposed on BSC as the result of the subject Rule 11 Motion is also unfounded. To this end, Plaintiff relies on *Claudet v. First Fed. Credit Control, Inc.* 2015 U.S. Dist. LEXIS 165076, *8 (M.D. Fla.

---

were not included in Plaintiff counsel's interview efforts for purposes of lending support to his affidavit.

November 17, 2015) in support. [D.E. 25] at P. 10.  This case is distinguishable and therefore inapplicable to the present action.  As a preliminary matter, the Court found issue with what it essentially characterized as a substance-less Rule 11 Motion, beginning with the fact that Defendant did not cite to the applicable Rule 11 standard – which is not the case here – and consequently, failed to apply it in its argument.  The Court also pointed out that the Motion did not provide a memorandum of legal authority in support of the motion, again contrary to the situation here.  Additionally, Defendant's Motion provided no basis for its request for relief other than demands from defense counsel *without any supporting evidence* that the claims at issue be dropped.  In the present case, BSC provided Plaintiff counsel with hard payroll/time records – which in turn, Plaintiff counsel for the very first time is claiming were somehow tampered with or inaccurate.  Finally – BSC, as stated in the foregoing, is not bringing this motion for an improper purpose as was determined to be the case with the *Claudet* Rule 11 Motion.  The fact remains that this case is frivolous given the payroll/time records refuting Plaintiff's claims and no other corroborating evidence other than Plaintiff's own "word" and a recently filed affidavit of Plaintiff's counsel citing, again for the first time, the identity of Ray Gonzalez as a fact witness with only personal knowledge about his own alleged time records and working hours at BSC.

9.   Based on the foregoing, and coupled with the arguments already raised in the Rule 11 Motion, BSC maintains sanctions are appropriate, along with the imposition of such other sanctions as the Court deems appropriate. BSC provided Plaintiff all the information necessary to expose Plaintiff's claims as frivolous, yet they still refuse to dismiss the case citing the need to conduct further discovery.  BSC further objects to Plaintiff's request for sanctions due to BSC's pursuit of its Rule 11 Motion.

WHEREFORE, Defendant Broken Sound Club respectfully requests that this matter be dismissed with prejudice, and that fees and costs incurred in the defense of this frivolous action be assessed, and/or any additional relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Robert S. Norell, Esq.,** rob@floridawagelaw.com**,** Robert S. Norell, P.A., *Attorneys for Plaintiff,* 300 NW 70th Avenue, Suite 305, Plantation, FL  33317.

*/s Suzanne A. Singer*
SUZANNE A. SINGER
Florida Bar No.:  0946222
E-mail: ssinger@rumberger.com
STELLA S. CHU
Florida Bar No.:  0060519
E-mail: schu@rumberger.com
RUMBERGER, KIRK, & CALDWELL, P.A.
A Professional Association
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580

*Attorneys for Broken Sound Club, Inc.*